issue. Will the clerk please call the last case of the morning? 319-008-WC, Lawrence Williams v. No Voice in the House. Counsel, you may proceed when ready. Thank you. Good morning, Your Honors. My name is Todd Strong. I'm here on behalf of Mr. Lawrence Williams this morning. The issue for my appeal on behalf of Mr. Williams is that I'm asking that the decision of the Illinois Workers' Compensation Commission on remand, which awarded Mr. Williams 25 percent man as a whole, a period of TDD, and a specific amount of medical bills be overturned, and an award of an odd lot permanent total disability be entered on his behalf. And that's the relief that I'm seeking this morning. I think that the facts strongly support the error of the commission, both in analyzing and assessing the facts, as well as their failure to follow the law for odd lot permanent totals in this case. Can I ask you a threshold question? Is there some issue about whether the circuit court even had subject matter jurisdiction to review the commission's original decision? Was there some issue about when you filed the required paperwork? Absolutely. And that's the subject of the defendant's or the employer's motion to dismiss. Yes. And if you'd like, I can jump into that as well. I think that's an overarching issue here, isn't it? It is. Subject matter. Absolutely, it is. We have an appeal and a cross appeal and a motion to dismiss. For logical sake, the way we handle that at the circuit court level is we address the procedural issues because of the difference in the standard of review and the logical flow. So tell us why you filed all the necessary paperwork. I did. And Section 19F1 calls for proof to be filed with the clerk or an affidavit. The legislation, legislators in this case, clearly contemplated two ways. You could file the attorney on behalf of the appealing party, such as myself in this case, could have filed an affidavit. Or he could supply, he or she could supply proof to the clerk that there was a notice of intent to proceed with a circuit court review, which is what I did in this case. You submit, I mean, you've got something in here, as I understand it, that bears the commission's file stamp. Is there any circuit court's file stamp? I filed, what I did in a timely fashion was filed a letter signed by myself of my notice of intent to commence the circuit court review. So I sent a letter to, or sent the notice of commencement to the clerk of the commission. And likewise, I sent a letter that was timely, within the 20 days, to the clerk of LaSalle County of notice of my commitment. And so my argument laid out in the brief, and as well as my reply brief, is that that constitutes proof. So it's not an affidavit, but it's a letter signed by myself, filed with the LaSalle County Circuit Court within 20 days of the notice of commencement and the payable, I think it was a $35 fee. So you're saying a letter from you, was it sworn, unsworn, just an informal letter? It's a letter from me, on my letterhead, signed by myself. I'm an attorney. I'm an officer of the court. I cited Supreme Court Rule 137, which requires me as an officer of the court. And a signature of an attorney has legal effect under Supreme Court Rule 137. It's one of the arguments that I set forth, as well as the rule in the brief, that I'm an officer of the court. If I, clearly, if I would have had, and I guess my contrary argument, just to play devil's advocate, if I would have sent a letter to the clerk, and that's how I would communicate with the court, is by filing pleadings, motions, letters. In this case, I was required to communicate with the clerk. If I would have made a false statement to the clerk, then obviously that letter would have some legal effect against me personally. So my contrary argument is that my letter to the clerk meets the requirements of Section 19F1, particularly that I am an attorney, particularly that I am subject to Supreme Court Rule 137. What are those requirements specifically of the 19th? That you file proof of your notice of intent to commence a circuit court review or an affidavit to the same effect. Okay. So you're saying that was proof? Proof. Correct. And proof is not defined in 19F. And so when I was reviewing the briefs, and we've, this case has been going on for a long time, and we've rewritten these briefs several times, it occurred to me over the weekend when I was reviewing these, what is proof? You know, because that, Mr. Cahill is going to come up and explain that my proof wasn't adequate. Right. Docket sheets. Is that where you're going, the docket sheets? No. Just the word proof in Section 19F, that I satisfy the requirement of the statute of, that I can either provide proof to the clerk that I filed my notice of intent to proceed with the circuit court review at the commission, or I can file an affidavit. So I think the question is degree. Okay. So affidavit clearly, as we as attorneys and judges can, is a form of proof. So the legislature created or enumerated a specific type of proof, i.e., affidavit, where they also say provide proof to the clerk that you filed with the commission a notice of intent. Okay. Is there, have you found any decision of law that says that action you took by letter, filed with the clerk, is sufficient proof? I don't believe that there's a case directly on that point. I don't believe, I could not locate any case. The closest and most near, or the newest is the Conway case, which I cited, and I think also defense cited. There's the Egers case that is cited. But neither of those two are specifically. In Conway and Egers, I may be saying that name wrong, but those two didn't either file any proof with the clerk or filed it way too late. I think at Conway they filed it way too late. So it was untimely or there was non-filed? Or non-filed. Okay. Whereas I did something timely and I did something. Judge Holland said that that was proof. You ruled that. Correct. That there was sufficient proof. Correct. Correct. And so I was thinking that through my brain, you know, just, you know, I have three daughters and they're teenagers and all about how we communicate. So the legislator didn't define how or in what manner to provide proof to the clerk. Just plain devil's advocate, could I drive by the courthouse and yell out to the clerk, hey, I filed my document with the commission? Obviously it doesn't sound reasonable, but it could be proof, right? Not good proof. I could have sent them a tweet like our president does and now is considered to be an official. I could have got on their Facebook page. The real question is what is reasonable and what is customary? So the statute says to communicate with the clerk. I think it's reasonable and it's customary to send a formal letter, snail mail, by myself, an officer of the court, to notify them within the timeframe that I'm required. So in essence what you're saying is you believe that what you did was reasonable, customary, and logical under the statute, but you've tacitly conceded. You can't cite a case that specifically approved your procedure. Is that a fair statement? I can cite the statute. The statute says proof. Well, your interpretation, but you don't have the case. Yeah. We have a judge who says that is proof and sufficiently so, but that's a finding by the judge. By Judge Howland, yes. Okay. So it's a legitimate argument to argue on opposing counsel's side that that was in error and that there has to be something more. I don't fault my counsel. Oh, no, no. For him raising the issue. No, I realize that. We're all advocates here. Yeah, and honestly, just from background, I think Mr. Cahill did it like that when he filed his original appeal too, and custom and practice, and I've been doing nothing but work for 25 years. I just hit my 25-year mark a couple weeks ago. Have used that same form for years. Now, in light of the Conway case, I have altered our internal procedure, and I think rightfully so, just so it's more clear. You know, but clearly, my point on the raising the proof is the legislature legislators clearly contemplated something other than just an affidavit, or otherwise they wouldn't have seen it. Well, it occurs to me, it occurs to me that if you're correct, and this is stated in the disjunctive, not in the conjunctive, I said the statute is stated in the disjunctive proof to the clerk or an affidavit of the attorney setting forth that it was sent. If your letter that I sent it is sufficient, or a letter from an attorney that I sent it is sufficient, then what's the purpose of the phrase in there or an affidavit of the attorney? It's just surplus verbiage. Because an affidavit is a form of proof. Well, but the point that I'm trying to tell you is we can't assume that the legislature just puts surplus verbiage into a statute. And if we're supposed to give meaning to both of them, it occurs to me that if the attorney wants to say I did this, the statute requires the affidavit. Or there is a method of proof that you can file that the notice was given to the commission other than a letter from the attorney, isn't there? Well, you get the document from the commission. One, in practicality, because I practice downstate, it is difficult to get those without sending a clerk all the way up to Chicago. I know a lot of the Chicago firms, and I don't know. Well, that's why the legislature gave you the opportunity to issue an affidavit instead. Well, but it also doesn't say the commission form. It does say proof. So I guess my argument is that proof was left undefined by the statute. Well, if proof is an unverified letter of the attorney, then what is the purpose of the language affidavit of the attorney? It could be exemplar. Pardon? It could be an exemplar. The legislature may have put that in as an exemplar of proof. But they could have said, by example, this. They didn't. Right. It's got to mean something other than your letter that I sent. This is bothering me. Can I ask you a very blunt question? Yes. Why didn't you file an affidavit instead of just a letter? You know, honestly, it was a matter of course that we've always used as practitioners a letter to the clerk until the Conway case. In hindsight, Monday morning quarterbacking, you know, now I've changed my procedures. It would have been difficult, obviously. Yeah. When you were doing this practice, did you expect it to be memorialized in the docket sheets with the clerk's office? The fact that a letter had been filed? It was file stamped. I don't recall offhand if it was memorialized in the specific. It was contained in LaSalle County Clerk's file and file stamped. I don't recall if it appeared on the docket sheet offhand. One of the issues we're going to get into is whether or not the burden has been shifted. If the burden is with opposing counsel, if he shifted the burden, then we have to look for like proof. And if it's not memorialized in the docket sheet. There's a file stamped copy in the record by the clerk. A date stamped copy. It's cited and attached as an exhibit. No, I understand. But I think while we wait for counsel, I think we're going to go down that road potentially. Okay. I just don't. I want to think it's not. I suppose this may be why you're raising the question, but I don't have a memory one way or the other, honestly. But I guess my final argument on it is the legislator put the word proof for a reason. And why they put or affidavit, because affidavit, I think we would all agree, is a form of proof. But I believe that the legislator, and if we give the legislator language its literal meaning, a letter from a licensed attorney is a form of proof. It would not be the literal meaning. That would be your interpretation. The literal meaning is affidavit. You're implying that it's acceptable. And that's my alternate argument is that my letter under Supreme Court signed by me has the same legal effect under Supreme Court Rule 137 as an affidavit. So that's my alternate argument. And I lay those out in my brief in the section under the motion to dismiss. Do you all have any other questions on that before I go back to you? No, I think you've got about, I believe you're about two minutes. Okay. But you have time to reply as well. Okay. I thought we would address that in my reply to you. So in terms of Adlon, this gentleman at the time of trial was 70 years old, almost 71. He had no significant transferable skills. He had a high school education. He had permanent work restrictions that were agreed to by all physicians and an FCE. He was no longer, according to the vocational expert, by virtue of his age, qualified for job retraining under the vocational rules. The employer, in this case, once he reached maximum medical improvement, walked him off the job. They were accommodating him on light duty while he was on temporary restrictions. Once all the physicians and the FCE agreed that he was at MMI, they walked him off the job on or about November 22nd of 2012, which is the date that I believe he should have been found to be permanently and totally disabled. We requested assistance. We filed a demand for vocational rehabilitation. The employer refused any efforts anyhow. The petitioner has no specific skills. He had restrictions of no lifting greater than 30 pounds, no exposure to vibration, which was the main issue for him in the rock quarry, and no shoveling. He could not return to his prior occupation. Thus, the commission felt that the 25 percent loss of usable man for a fusion where no accommodation is very small in my opinion. He had 200 failed job searches. He went out on his own without the help of the respondent and was applied for and turned down credibly 200 jobs, including roughly I believe 15 or 10 to 20 jobs that the respondent's vocational expert in their labor market survey said were available. So he took the list of jobs that the employer's expert said were available and applied and was turned down for all of those jobs. Can you explain why the commission made a finding that the job search logs demonstrated that Williams applied for a number of jobs knowing that the employers were not hiring him? Where does that come from? I have no idea because that's not in the record. I mean, there was testimony from the petitioner that he would be told, you know, if he puts in a job application, oh, we're not hiring right now. So I don't know. But I read that, too, and that specific comment. I was wondering where that came from. Yeah. It's not in the record to my recollection. He also could no longer, the petitioner, my client, could no longer pass a CDL, the commercial driver's license physical exam. And I cited five cases in my brief regarding failed job searches and so forth and the requirements for ad hoc permanent total, and I apologize if I took too long. So I would ask for the relief that he would be found to be permanently and totally disabled and the commission's decision on remand be overturned. You don't have time to reply. Counsel, you may respond. Good morning. Please, the court. Miles Cahill on behalf of Illinois Cement. In terms of the initial issue concerning jurisdiction, my office did file a motion to dismiss. Before I got permission from my client to do that or even after permission from my client to do that, I sent an attorney to the LaSalle County Courthouse in order to read the entire record for any indication that the proof of notice of intent was filed with the circuit court clerk or there was any record in the docket sheets as to whether that was on file. As we introduced in our motion to dismiss, I introduced the fact that in the second appeal on this, the circuit court clerk's office did identify the fact that I filed the notice of intent with the circuit court clerk on the date that my appeal was filed, so that the practice of the circuit court was to accept those filings. The notice of intent was substituted for the old check register or payment for the record, the receipt of the record on appeal. The only thing the legislature changed in 2013, in July of 2013, was substituting the word notice of intent for the certificate of the record. Petitioner's counsel in the ruling from Judge Howland, it does not appear that Judge Howland believed that any actual proof of the notice of intent was filed in his ruling in the order that Todd, we're taking up here today. Judge Howland did find that under Rule 137 that the plaintiff's attorney would have certified that record. The unfortunate finding on that is in Rule 137, the language effort indicates that an attorney can certify pleading, says except for requirements of rules and or statute. So in this situation, with the specific wording of the statute requiring the filing of an affidavit, the Rule 137 cannot substitute for the filing of an affidavit or filing of the actual proof. You're saying the cap requirements trump the General 137 language. General 137 language specifically identifies situations where it will not apply because there is a statute requiring an affidavit. So it's completely in concert with Rule 137. Okay, so we're left with your position, we're left with the remaining argument as to whether the statutory language in the act of proof or an affidavit of an attorney, whether this letter would fall under proof. Well, Judge Howland, I don't know what letter he is talking about. He did indicate in the, I don't have a record of anything, a letter to the circuit court. We've got a notice of request for issuance of summons in which he indicated he had filed a notice of intent. But there's no indication that he had actually filed a notice of intent or provided an affidavit as required by the statute. So, but the letter, the letter, presumably on stationary, the letter is stationary, what did that letter say? I don't believe that letter exists. Judge Howland found that he did not make any filing of the proof. And I don't have that letter, and I don't think that letter is anywhere in, what he's identified as Exhibit 4A in his petition is an alleged attachment of the notice of appeal that I don't, was not in the clerk's office when my associate went through the entire file with no record of the docket statement having filed that. Well, let's forget the docket statement. That's, let's go to the file. And if the record is before you and there's 1,000 pages and I don't have any letter in there, if there was a letter in there indicating that he had provided the proof, I probably wouldn't have filed the motion. But I don't have any letter on his letterhead to the clerk's office within the 20 days indicating that he served them with a copy of the notice of proof or actually showed them the notice of proof, the notice of intent. For just a moment, can we assume the letter's there and that basically it's signed by counsel on letterhead and gives notice? Does that equate in your understanding of his position to an affidavit? What's your position on that point? Counsel has indicated, and there's case law, a lot of people argue about form over substance. This court in two times, in 1990 and 1991, threw out appeals because someone didn't file an actual piece of paper indicating there was a request for a written request for summons. This court strictly enforced that even though there was no indication of any harm or delay or failure of issuance of summons. Both of those appeals were dismissed. I've been doing workers' comp for 34 years, and in the 19 years that have elapsed since 1991 in that decision, nearly 19 years, I haven't seen another case where someone failed to file a written request for summons. This jurisdiction of this court and the review of administrative agency is supposed to be strictly complied with. The statute is supposed to be strictly complied with. If we lower the standards rather than raise the standards, you will have more cases coming up that are not right for review. You'll have more disputes. The purpose of this, that may put somebody on notice, but the purpose of this is not to put the burden on the circuit court to check with the commission. I know this, and Justice Hudson made the point. You know, it's not what Attorney Strong is arguing. It's not literal compliance. He's arguing that he's got proof that something akin to an affidavit was filed. I understand all the ramifications are bad, and I understand why we need strict compliance, but if, in fact, his letter suffices as an affidavit, or does it? Can you tell me? It doesn't survive as an affidavit because of the specific language of Rule 137 that says the certification of attorney does not substitute as an affidavit when it's required by rule or statute. I don't think if we lower the standards, we will get lower compliance with the standards. And if we say the rule of affidavit, the attorney is putting somebody on notice, do we have to revisit all the bond cases in which the attorney signed the bond on behalf of the insured? Are we going to lower the standard on bonds? Are we going to lower the standards on filing the notice of intent? Are we going to lower the standards on who we actually notify and actually serve them with summons of the appellate decision as opposed to sending them written notice that they might have some notice of the decision? I don't want to belabor this too much, but in terms of the argument of downstate practitioners, in the Esquitabel case, Justice Holdridge dissented on the case where an attorney did not file the proof of payment of the receipt for the record. You dissented on that. After that case, the legislature modified the request for the receipt, which was Chicago-centric, where you had to contact the clerk in Chicago to get that paid, to file a notice of intent. So practitioners from all the way from Brockford down to Collinsville could file that notice of intent with a local office at the commission. So they changed that in order to make it easier on practitioners. And the mere fact that it only has to be, notice of intent has to be filed with the commission and then presented to the clerk, it's not an undue burden, as I did, to have the clerk file stamp that as part of the proof of why you're asking for it when you're asking for the jurisdiction of the court. So you're saying that the legislature changed the law in light of an eloquent dissent? Justice Holdridge, is that what you're saying? I think they had two justices dissenting, so that's probably what. I can't say. The legislature did amend it within that statute. That's the only case that came down in that period of time. It did make it easier and put all practitioners from the very top of the State down to the bottom of the State on an equal footing in terms of getting the results. Well, that was certainly beneficial, that change. Correct. Made it much easier to comply with. It is a technicality. I believe it would be worthwhile for the practice, even though it is a technicality, to enforce the statute, even if we get beyond that statute. In this instance, our review is the first decision of the commission and the request for a reversal of the remand order entered by Judge Heddle. Judge Heddle, in his decision, indicated that he thought the opinion of Dr. Singh was suspicious. He thought it was suspicious because I first hired Dr. Singh. I requested an opinion. It's hard to believe that we're up here nine years, eight years after this fellow's date of accident, and it was an emergency hearing, but in a workers' compensation setting, when an emergency hearing is filed, I have 15 days to file a response and get higher experts. Dr. Singh did evaluate the petitioner without the benefit of all the medical records, and in his initial report indicated that it could be causally related as an aggravation if the fellow had complaints from the cervical spine down to his arm from the date of accident of May 9, 2011. Subsequent to that initial report, my subpoenas came in. I was able to send those records, full, complete records of Dr. Singh, regarding the manifestation of the fellow's complaints, and Dr. Singh modified his opinion. Judge Heddle, on the record, told me that that was suspicious, but suspicions would need to be addressed by petitioner's counsel on cross-examination of Dr. Singh concerning the modification for the change of the opinion. Dr. Heddle substituted his opinion for that of the commission. Judge Heddle, at the record, indicated he's not going to remand the case and order the commission to find accident and order the commission to find causal connection because he wasn't going to allow them a second bite of the apple. Judge Heddle told me on the record that it's clear that this fellow had a cervical radiculopathy because he had significant pain at his epicondyle. And he spelled epicondyle for me on the record. The commission has evaluated the evidence. The epicondyle is your elbow. The commission has evaluated the evidence concerning the fact that this man did not have cervical complaints in between May 9, 2011 until August 11, 2011, and they found that that delay in complaints justified a denial of benefits for the cervical spine condition, although they ordered paid benefits for the epicondylitis condition that was part of his first accident on July 29, 2010. This petitioner, at the time of trial, had applied for jobs and was cross-examined concerning the fact he applied for jobs where people weren't hiring. This petitioner, at the time of trial, who has no transferable skills, allegedly, had applied for and renewed his CDL license before the time of trial. This petitioner presented himself to his treating physician in Hinsdale, Illinois, although he lives in the LaSalle County area, and as his complaints, he put in a great null sign. This petitioner, although he only has a high school education, in the medical records it says he's got an obsessive-compulsive disorder. His handwriting is as neat and as clear as an architect's. In the histories concerning whether he had neck complaints and complaints going down his arm, the petitioner specifically denied all of that. I cross-examined the petitioner concerning his complaints as they followed the alleged accident of May 9, 2011, and he eventually came across with me and indicated, I don't know why you're focusing on May 9, 2011. My accident was really related to something in March when I was bouncing around in the truck. So the petitioner, in his own mind, had a different theory from his own doctor, from all the doctors he put on to testify, and a different theory from what his attorney presented to the commission. Dr. Zindrick, who performed the surgery and eventually, on the morning of his deposition, testified to an accident on May 9, 2011, being causative of the cervical spine condition, had never been told about the May 9, 2011 accident ever, not until the day of his deposition, the morning of his deposition. The petitioner had related all of his complaints to the July 29, 2010 accident. That case has not been appealed. That issue has not been preserved before the commission. The only issue the petitioner stated as the cause of his complaints was July 29, 2010, when he was talking to Dr. Zindrick, the man who performed his surgery. I would respectfully pray that we, if this court does determine that there is jurisdiction, and I think there's a serious question as to whether there is jurisdiction, based upon the plain reading of the statute and the application of Rule 137, that the original decision of Judge Heddle be reversed and reinstate the original denial of benefits by the Illinois Commission. Any questions, sir? None. Thank you. Thank you, counsel. Thank you again, Your Honors. Just with respect to the diagnosis of obsessive-compulsive disorder, I think Mr. Cahill is probably the diagnostician on that, and that's really argument. I don't believe that that's in the record at all. To address Dr. Singh, it's my recollection that Dr. Singh's testimony on cross-examination is that if, Dr. Singh said, if the accident occurred as if the petitioner claims it occurred, then there was an aggravation of a preexisting condition. So the initial medical providers in this case did not do a very good job of taking clear histories in terms of the two separate accidents or incidents. As the case developed and as the physicians were deposed, it was clear in the testimony that it was one of the accidents, not the other, that was causative in this case. The complaints were consistent, however, from the cervical spine radiating down the arm in a ridiculous fashion. And that was the confusing, the entire confusing part of the case, that when Dr. Trudeau initially, or finally the petitioner was referred to Dr. Trudeau for the EMG, there was a double crush. And so that means he had a pinched nerve in the carpal tunnel and a pinched nerve, I believe it was at the C6-7 nerve, if I recall. Just one point of clarification, just so we're clear on the terms. And Mr. Cahill explained this probably better than I did in terms of the procedural forms that the commission uses. They use a form now entitled Notice of Intent. My letter or pleading, and I don't have those, but they're attached, I believe, to my briefs, were filed originally in the original circuit court review, and it's the same form that I use, same format, on March 3rd, 15, March 27th, 15, and then when we come back around for the second time back up at the commission, which is, and those are filed on 7-20 of 17, and again on 9-14 of 17, and that had to do with some clarifications because Mr. Cahill and ourselves had reviews, petitions reviews going back and forth, and the clerk was setting up multiple files, and we were getting them consolidated. So that's one reason why you'll see that same document. And I have in my notes, and I think Judge Holder has asked, in my notes suggest, and again, I don't have the pleading that I wrote, the plaintiff, Lawrence Williams, has filed his Notice of Intent to file a review with the Illinois Workers' Compensation Commission, and that was my letter to the LaSalle County Circuit Court. Where's a copy of that? I believe it's attached to the exhibit. It should be attached to the exhibits in my brief. I do not have it. The only thing that's an exhibit in your brief are these documents called Searcher RE Workers' Compensation. Could I see? And there is a paragraph in there that says the plaintiff. It's in your pen. Okay. Then that may be the document. It's not a letter on your letterhead. It really says it's in the form of a pleading. It says Searcher RE Workers' Compensation. And then the second paragraph says the plaintiff, Lawrence Williams, has filed his intent to file for review in the circuit court with the Illinois Workers' Compensation on, and you list the date, and then it's signed by you. That's what I'm referring to. There's no letterhead. There's no letter. I'm misremembering that, Your Honor. It is in the form of a pleading, but those were the words that I just read off. And, again, I didn't have that, the actual document in my retina. So if we look at that language that Justice Hoffman read and we have before us here, has filed his notice of intent to file for review, that is the Searcher RE Workers' Compensation? Yeah. That's the document. That is what you're calling your notice of intent to file for review? Kind of. That's why I was trying to clarify, because the commission now uses a form called the intent to file with the circuit court. So that's why we're slightly mixing languages here. And I apologize to the Court for referring to it as a letter. Well, you have that form. That form is in the appendix. That's not a problem. But that form only reflects that it was filed with the commission. There is no time stamp on it that it was filed with the circuit court. I have in my notes that it was filed at the LaSalle County Circuit Court on 7-20-17 and 9-14-17. That's this document. Isn't that your brief? I do not have it with me. Well, that's good. The document you're talking about is the Searcher RE Workers' Compensation. Your opponent is giving you a brief. Yeah. You can have a second one. It's right here, the document that we're discussing. Well, take an example. Exhibit 6, Exhibit 5, pages 49, 56. It's on the right-hand upper right-hand corner. No, no. We know that document was filed. Where is the notice that was filed? You're talking about from the commission. Here. Go to Exhibit 4A. I understand your question. You're talking about the document that the commission generated, correct? No. I'm talking about what it is that you submitted to LaSalle as proof that the notice of intent was filed with the commission. It certainly was not a time-stamped copy of the notice intent itself. That document, I think, is Exhibit 4A in your brief. It bears a time-stamp from the commission, but not a time-stamp from the circuit court. So that document didn't go to the circuit court. What went to the circuit court — Eventually it did. Eventually it did, but it was after the court. Yes. What went to the circuit court were these documents entitled Searcher RE-Workers' Compensation. That's what you're saying is your letter? Is that what you're talking about? Correct. I mischaracterized it as a letter, and I apologize. I did not have it. This is it. This is it. Either this complies or it doesn't. This is my argument of the proof that I submitted. So my words were the same words I described it to you as being in a letter. It's just this more presents itself as a pleading. I don't think that there's any — it's a formal statement to the LaSalle County clerk as proof. Whether I mischaracterized it as a letter or if you want to characterize this as a plea. The document is Exhibit 5 here. Correct. Correct. Yes. So either — the only question we have to decide is, does this comply with the statute or doesn't it? Yes or no? Absolutely. Yes or no question. Is it proof or is it not proof? Okay. Okay. Thank you, Counsel Bolts, for your arguments in this matter this morning. Thank you. Yeah. Sure. This will be taken under advisement and a written disposition shall issue. The court will stand in recess until 9 a.m. tomorrow morning.